IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARKEYTA Y. JONES**, as Mother and Next Friend of **LAMAR D. HILL**, a minor,<br><br>  Plaintiffs,<br><br>vs.<br><br>**WALTER HOOD, CLIFFORD FIELDS, VERNON EDWARDS** and **EAST ST. LOUIS SCHOOL DISTRICT NO. 189**,<br><br>  Defendants. | Case No. 04-678-GPM |

## ORDER

Before the Court is the defendants' motion for a physical and mental examination of the minor Lamar D. Hill (the putative plaintiff) and for extension of the deadline for defendants to disclose their expert(s).  **(Doc. 21).**  Also before the Court is the defendants' amended motion for a physical and mental examination of the minor Lamar D. Hill (the putative plaintiff) and for extension of the entire pretrial schedule.  **(Doc. 26).**  Also before the Court are the plaintiff's responses **(Docs. 23 and 27)**, and the defendants' replies **(Docs. 24 and 28).**

As a preliminary matter, the Court must note that the delay in attending to this discovery dispute is due to defendants' failure to submit proposed orders to the Court, as *required* by Local Rule 7.1(a).  Now that the Court utilizes an electronic filing system, a proposed order serves to alert the Court of a pending motion, and facilitates a prompt ruling.  The absence of a proposed order has only compounded the discovery delays in this case– delays plaintiff attributes fully to the defendants.  Although the Court in no way intends to reward defendants for their procedural miscue, the Court strongly prefers to have cases decided on their merits, as opposed to procedural one-upmanship.  After consultation with Chief Judge Murphy, it is agreed that the

pretrial scheduling order controlling this case should be modified, moving the presumptive trial month from October, 2005, to January, 2006, which will allow for discovery to be completed. The pretrial schedule will be altered by separate order.

Furthermore, defendants have shown good cause for authorizing an independent mental examination *and* limited physical examination of Lamar D. Hill, pursuant to Federal Rule of Civil Procedure 35(a).

Rule 35(a) grants the Court discretion to order the physical or mental examination of a party when that person's physical or mental condition is in controversy, provided good cause is shown. And, the examiner must be shown to be suitably licensed or certified. Defendants propose a mental and physical examination by Dr. Wayne Andrew Stillings, M.D., who is a psychiatrist with apparent expertise in intertwined physical and psychiatric maladies.

The fact that plaintiff's treating psychiatrist has not performed any diagnostic testing, combined with plaintiff's counsel's refusal to consent to have Hill examined because of other discovery disagreements between counsel, constitute good cause for permitting Dr. Stillings to examine Hill.

Plaintiff does not take issue with Dr. Stillings' qualifications, per se. However, the Court is hesitant to authorize a blanket physical exam when Dr. Stillings' curriculum vitae makes clear that, although he has a medical degree, his practice and teaching is clearly geared to psychiatry. Therefore, Dr. Stillings' physical examination of plaintiff must not go beyond any intertwined physical and psychiatric injuries claimed in the complaint, by Hill in his deposition, and by his mother, Markeyta Y. Jones, in her deposition.

**IT IS THEREFORE ORDERED** that the defendants' motion for a physical and mental examination of the minor Lamar D. Hill (the putative plaintiff) and for extension of the deadline for defendants to disclose their expert(s) **(Doc. 21)** is **DENIED AS MOOT**, having been superseded by the defendants' amended motion.

**IT IS FURTHER ORDERED** that the defendants' amended motion for a physical and mental examination of the minor Lamar D. Hill (the putative plaintiff) and for extension of the entire pretrial schedule **(Doc. 26)** is **GRANTED**, in that the pretrial scheduling order controlling this case is being amended by separate order, and Lamar Hill shall submit to a physical and mental examination by Dr. Wayne Andrew Stillings, M.D., as detailed below.

**IT IS FURTHER ORDERED** that named-plaintiff, Markeyta Jones, shall produce her minor child, Lamar Hill, for physical and mental examination to be conducted by Dr. Wayne A. Stillings, M.D., a licensed and certified psychiatrist, on **June 7, 2005 at 9:00 a.m. at Kare & Therapy, Inc., 1034 South Brentwood Boulevard, Suite 516, St. Louis, Missouri 63117**, with the scope of the examination being such as in the opinion of Dr. Stillings is necessary to determine the past and present physical and mental condition of Lamar Hill, with particular reference to the injuries claimed to have been suffered by Lamar Hill as a result of the matters alleged in the complaint, Jones' deposition and Hill's deposition, including the making of all routine and proper tests according to good medical practice and in order to determine fully and completely the physical and mental condition of Lamar Hill.

**IT IS FURTHER ORDERED** that, in accordance with Federal Rule of Civil Procedure 35(b), Dr. Stillings shall forward a detailed written report setting out his findings, including results of all tests made, diagnoses and conclusions, to counsel at the following addresses:

William F. Kopis
Law Offices of William F. Kopis
215 West Washington Street
P.O. Box 505 Belleville, IL 62222

Robert Becker and Garrett Hoerner
Becker, Paulson et al.
5111 West Main Street
Belleville, IL 62226

**IT IS FURTHER ORDERED** that counsel for plaintiff shall ensure that in advance of the June 7, 2005, examination Lamar Hill and/or Markeyta Jones execute all necessary releases required by Dr. Stillings, including but not limited to releases necessitated the Health Insurance Portability and Accountability Act (HIPAA) and the Federal Regulations enacted pursuant to said Act.

**IT IS SO ORDERED.**

**DATED: June 2, 2005**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
