IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARKEYTA Y. JONES**, as Mother and Next Friend of **LAMAR D. HILL**, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>**WALTER HOOD, CLIFFORD FIELDS, VERNON EDWARDS** and **EAST ST. LOUIS SCHOOL DISTRICT NO. 189**,<br><br>Defendants. | Case No. 04-678-GPM |

### ORDER

Before the Court is plaintiff Markeyta Jones' motion to overrule defendants East St. Louis Scool District 189's objections to interrogatories 12 and 13, and to compel the defendant to answer those interrogatories. **(Doc. 29).** The interrogatories at issue are aimed at discovering whether School District 189 was ever made a defendant in any court case where one of its employees, agents ore representatives was involved in the search of the person or property of a student. The defendant objected that the interrogatory was overly broad and unduly burdensome, and not calculated to lead to the discovery of admissible evidence. The interrogatory has now been limited to a ten year period, going back to April 21, 1994. The defendant explains that it does not maintain permanent litigation files, which would require it to search *all* its records and/or court files to respond to the request. **(Doc. 30).**

As a preliminary matter, the Court must note that the delay in attending to this discovery dispute is due to plaintiff's failure to submit a proposed order to the Court, as *required* by Local Rule 7.1(a). Now that the Court utilizes an electronic filing system, a proposed order serves to alert the Court of a pending motion, and facilitates a prompt ruling.

The defendant's assertion that interrogatories 12 and 13 are not calculated to lead to admissible evidence is not well taken. The search of a student and his property is at the heart of this case, and prior similar incidents would certainly go to showing knowledge of procedures and the practices in the school district. Therefore, the request is relevant to the case, and a ten year period does not seem unreasonable.

The defendant need not comb all public court records to answer the interrogatories; those records are equally available to plaintiff. However, it is certainly reasonable for plaintiff to inquire of the defendant in an effort to more expeditiously obtain the information sought. The defendant can certainly detail its efforts, in its signed response under oath, which will evince its efforts to satisfy its burden under Federal Rules of Civil Procedure 26 and 33. However, the Court finds it odd that the defendant school district makes no mention of asking its attorneys to search their records, which would likely be the easiest way to answer the question. In any event, Federal Rules of Civil Procedure 26(e) and (g) provide the proper mechanism for this situation and require that "reasonable inquiry" be exerted– which defendant has declined to even attempt.

**IT IS HEREBY ORDERED** that plaintiff Markeyta Jones' motion to compel **(Doc. 29)** is **GRANTED**. On or before **June 24, 2005**, defendant East St. Louis School District 189 shall answer plaintiff's interrogatories 12 and 13.

**IT IS SO ORDERED.**

**DATED: June 2, 2005**

                                        **s/ Clifford J. Proud**
                                        **CLIFFORD J. PROUD**
                                        **U. S. MAGISTRATE JUDGE**